[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in the above action seeks money damages from the defendant for breach of a written contract, whereby the plaintiff agreed to provide advertising services to the defendant. The defendant is an automobile dealer located in New Haven, doing business under the name of David McDermott Hyundai Chevrolet.
The parties entered into a written agreement under date of January 27, 1987 whereby the plaintiff agreed to provide media services consisting of preparing and placing advertising in newspapers, on radio and television. The plaintiff commenced its services on or about April 1, 1987, and thereafter placed advertising in the New Haven Register, as well as other newspapers, local radio stations and the Channel 8 television channel.
The contract called for a monthly fee of $2,000 plus a commission of 71/2% for the monthly billings. During the first month of the contract the plaintiff billed the defendant for its fees, the sum of $5,532.00 plus the commission of $2,000.00. The defendant paid such sums.
On or about the 24th day of April, 1987 the defendant notified the plaintiff that it was cancelling the contract. The contract provided that either party could cancel the contract for a material default or otherwise upon ninety days notice. There was no claim by the defendant that a material default had occurred nor was any evidence offered to support a claim of material default. Such cancellation constituted a total breach of the contract, leaving the plaintiff to its legal remedies. Rest. Contracts, 313. The measure of damages in such instances has been set forth as follows: CT Page 5045
 "This express repudiation by defendant constituted an actionable breach of the contract and entitled the plaintiff to treat it as putting an end thereto for all purposes of performance and to sue as he has for the money he would have otherwise realized thereunder. He is entitled to recover that compensation which will leave him as well off as he would have been had there been full performance. (Citations omitted). What this amount is must be ascertained upon proper evidence directed to this issue as determined by the interpretation of the contract set forth in this opinion."
Leventhal v. Stratford, 121 Conn. 290, 299.
In sum, the plaintiff is entitled to the amount it would have received for its services for a ninety-day period. As noted, supra, one way the damages could be computed would be on the basis of the "track record" of one month, i.e., commissions of $16,598.00 plus the fee of $6,000.00, for a total of $22,598.00. Bartolotta v. Colvi, 112 Conn. 385, 395.
The plaintiff argues that the defendant had represented that its annual advertising budget would be one million dollars, and that the estimated commissions should be based upon such amount. Such commissions for three months would amount to $18,750.00. The defendant argues that any damages are speculative.
The court finds that the sum of $22,598.00 as aforesaid is reasonable. The court further finds that the plaintiff is entitled to pre-judgment interest of 10% from July 22, 1987, 90 days after the date of termination, in the amount of $11,277.00. Harris Colorific Sales Co. v. Manifold Systems, Inc., 18 Conn. App. 559-566 and cases cited.
The court awards no attorney's fees. The contract calls for such fees for "enforcement" of the contract. The contract has been terminated and serves only for the purpose of determining damages. Rest. Contracts 313.
Judgment may enter for the plaintiff against the defendant in the amount of $33,875.00.
BURNS, J. CT Page 5046